# CIRCUIT COURT OF THE CITY OF NORFOLK

Derrick M. Fitzgerald, Sr.

v.

Sequita M. Morris,
Chesapeake Medical
Associates, L.L.C.,
and Sentara Medical Group

October 23, 2014

Case No. CL12-7010

BY JUDGE MARY JANE HALL

The Court took under advisement Plaintiff's motion to prohibit defense expert witnesses from opining about a "reasonable patient" standard or otherwise commenting on contributory negligence of Plaintiff and to exclude evidence or testimony about Plaintiff's alleged negligence.

Defendant asserts that Plaintiff was contributorily negligent by, *inter alia*, failing to contact his physician and inquire about his X-ray results. The Court finds that *Lawrence v. Wirth*, 226 Va. 408 (1983), controls this dispute: "To be contributory, negligence must be contemporaneous with the main fact charged as negligence, and . . . the patient's negligence after dismissal of the physician or his abandonment of the case does not bar recovery for the negligence of the physician committed before termination of the relation." *Id.* at 413, *quoting Jenkins v. Charleston Gen. Hospital & Training School*, 90 W. Va. 230 (1922). In *Lawrence*, plaintiff delayed seeking treatment for a lump in her breast after defendant had negligently treated her for that lump. The Supreme Court of Virginia reversed the jury verdict in favor of the defendant because the trial court had improperly instructed the jury on contributory negligence:

> It is a well-established principle of tort law that, to bar recovery, a plaintiff's negligence must *concur* with the

> defendant's. . . . Therefore, a patient's neglect of his health following his physician's negligent treatment may be a reason for reducing damages but does not bar all recovery.

*Id.* at 412.

Plaintiff's conduct after he underwent an X-ray did not concur with the negligence alleged against Defendant. Therefore, the Court will not permit the jury to be instructed that such conduct might be considered as contributory negligence. Defendant will be permitted to introduce evidence about Plaintiff's delay in investigating the results of his X-ray studies only for consideration in mitigation of damages, not as a complete bar to recovery.

The Court will not permit expert testimony on anybody's opinion of what a "reasonable patient" would or would not have done. The term "reasonable person" appears in the Model Jury Instruction definitions for both negligence and contributory negligence, and juries routinely consider those instructions without expert opinions about what reasonable people do. A "reasonable patient" is the same as a reasonable person but in a medical malpractice setting. It is not the kind of specialized subject area that requires witnesses with particular credentials to explain. The Court agrees that such testimony would invade the province of the jury and sustains the motion in limine respecting such opinion.